**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

RICHARD WITTAKER, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.   2:22-cv-00167

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Division of Corrections and Rehabilitation's ("WVDCR") Motion to Dismiss.   (ECF No. 8.)   For the reasons discussed below, the motion is **GRANTED**.

*I.     BACKGROUND*

This action arises out of the death of Mr. Kevin B. Whittaker ("Decedent") while he was incarcerated in the Southern Regional Jail ("SRJ") in Beckley, West Virginia.   (ECF No. 1-1 at 1, ¶ 1.)   According to the Second Amended Complaint, the Decedent was incarcerated at SRJ on or about February 16, 2019.   (ECF No. 1-1 at 3, ¶ 9.)   After the intake screening process, the Decedent was placed in general population in C-pod section 4, cell 12.   (*Id.*, ¶ 12.)   Then, three inmates allegedly entered the Decedent's cell and "savagely beat him" between approximately 8:36 and 8:46 p.m.   (*Id.* at 5, ¶ 18–19.)

1

Plaintiff Richard Whittaker ("Plaintiff"), as the Administrator of the Estate of Kevin B. Whittaker, commenced this action against the WVDCR on December 13, 2019, in the Circuit Court of Kanawha County.   (ECF No. 1 at 1, ¶ 2.)   In December 2021, Plaintiff filed a Second Amended Complaint against the WVDCR and Defendants Dakota Dove ("Dove"), Angela Athey ("Athey"), and Larry Warden ("Warden").   (*See id.*, ¶ 4.)   On April 7, 2022, Defendants removed this matter to this Court.   (*See generally id.*)

The Second Amended Complaint asserts two causes of action.   Count One is a claim for "Malicious Conduct," asserted against the WVDCR.   (ECF No. 1-1 at 10; *see also id.* at 1 ("This civil action is brought against the [WVDCR] for malicious conduct.").)   Count Two is a claim brought under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment, asserted against Defendants Dove, Athey, and Warden.   (*Id.* at 11; *see also id.* at 1 ("This cause of action i[s] brought against Dakota Dove, Angela Athey, and Larry Warden for civil rights violations . . . .").)

The WVDCR filed the pending motion to dismiss on May 16, 2022.   (ECF No. 8.)   To date, Plaintiff has not filed a response.   As such, this motion is fully briefed and ripe for adjudication.

## I.   *LEGAL STANDARD*

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint.   Fed. R. Civ. P. 12(b)(6).   A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007).   A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570.   In applying this standard, a court must utilize a two-pronged approach.   First, it must separate the legal conclusions in the complaint from the factual allegations.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged."   *Id.*   Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).   A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible."   *Twombly*, 550 U.S. at 555, 570.

## II.   DISCUSSION

In the pending motion, the WVDCR moves to dismiss Count One, which asserts a claim for "Malicious Conduct," for failure to state a claim.   (ECF No. 8.)   According to the Second Amended Complaint, after the attack, the Decedent was observed to be "bloodied, bruised, and distressed" and "in a state of acute medical crisis," and "his distress was so patently obvious that even a lay person would recognize[] the need for medical attention."   (ECF No. 1-1 at 10, ¶ 38–39.)   Plaintiff further claims that, despite WVDCR employees' duty to "monitor [the Decedent] and to alert medical personnel if his behavior was alarming," WVDCR employees ignored the Decedent.   (*Id.* ¶¶ 39–42.)   Due to these alleged omissions, Plaintiff asserts that WVDCR employees were "callous in their indifference" and "exhibited gross indifference" to the Decedent's distress and injuries and "contributed to [the Decedent's] death[.]"   (*Id.* at 11, ¶ 43.)

3

As the pending motion notes, Count One is devoid of any substantive allegations of conduct by the WVDCR, and instead, only asserts vicarious liability. (*See* ECF No. 9 at 4.) Specifically, the WVDCR interprets Count One as a claim for vicarious liability for the individual defendants' alleged constitutional violations under Count Two, which asserts a claim for deliberate indifference under 42 U.S.C. § 1983. (*See id.*; *see also* ECF No. 1-1 at 11–12.) However, the WVDCR moves to dismiss Count One because there is no *respondeat superior* liability under § 1983. (*See* ECF No. 9 at 4–6.) In the alternative, the WVDCR also argues that it is entitled to qualified immunity from any state-law negligence claims that are being asserted under Count One. (ECF No. 9 at 6–7.) Each theory is discussed below.

A.  *Failure to State a Claim*

Under § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g., Filarsky v. Delia*, 566 U.S. 377, 383 (2012). A state's political subdivisions are considered "persons" for the purposes of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). However, liability of a state subdivision under § 1983 for the actions of its officers and employees cannot be premised on the doctrine of *respondeat superior*. *Id.* at 691.

Instead, a plaintiff seeking to establish liability by a local government defendant must show that the execution of a policy or custom of that municipality caused the violation. *Id.* at 694; *Riddick v. Sch. Bd. of the City of Portsmouth*, 238 F.3d 518, 522 (4th Cir. 2000). A plaintiff may demonstrate the existence of a policy in three ways: (1) a written ordinance or regulation; (2)

certain affirmative decisions of policymaking officials; or (3) in certain omissions made by policymaking officials that "manifest deliberate indifference to the rights of citizens." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Notably, "[o]utside of such formal decisionmaking channels, a municipal custom may arise if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 691).

Here, as the WVDCR correctly argues, the WVDCR cannot be held vicariously liable for the individual defendants' alleged tortious conduct under § 1983. (ECF No. 9 at 4–6.) Further, the Second Amended Complaint does not assert that the individual defendants were executing a policy of the WVDCR when they engaged in the conduct in question. (*See generally* ECF No. 1-1.) Similarly, Plaintiff did not allege any facts that suggest that the individuals defendants' alleged conduct was so "persistent and widespread" as to constitute a custom of the WVDCR. (*Id.*) As such, Plaintiff has failed to state a claim under § 1983 against the WVDCR.[1]

### B. Qualified Immunity

"It is well-settled that West Virginia law provides for a state agency's protection through qualified immunity." *W. Virginia Bd. of Educ. v. Croaff*, No. 16-0532, 2017 WL 2172009, at *4 (W. Va. May 17, 2017). The Supreme Court of Appeals of West Virginia ("WVSCA") has provided the following standard to determine whether qualified immunity applies:

> To determine whether the State, its agencies, officials and/or employees are entitled to immunity, a reviewing court must identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or otherwise discretionary governmental functions. To the extent that

---

[1] The WVDCR also argues that it is immune from liability because the individual defendants' alleged actions were outside the scope of their duties. (*See* ECF No. 9 at 4–6.) However, because there is no vicarious liability under § 1983, the Court declines to address this argument.

the cause of action arises from judicial, legislative, executive or administrative policy-making acts or omissions, both the State and the official involved are absolutely immune . . . .

Syl. pt. 10, in part, *West Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751 (W. Va. 2014).   To the extent that the cause of action arises from otherwise discretionary government functions, the WVSCA has provided the following standard:

To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W. Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Syl. pt. 11, *id.*

Here, the WVDCR argues that "[t]o the extent Plaintiff's Second Amended Complaint is construed to allege negligence against Defendant," or any other substantive state law claims, it is entitled to qualified immunity because any allegations "that [the WVDCR] acted negligently or recklessly in conducting its business or supervising Defendants Dove[,] Athey, Warden, or the other correctional officers," arise from discretionary acts.   (*See* ECF No. 9 at 6–7.)   As discussed above, Plaintiff did not respond to the pending motion, and, as such, has conceded this issue.   *See Fields v. King*, 576 F. Supp. 3d 392, 408 (S.D. W. Va. 2021) (collecting cases).

Accordingly, Count One is **DISMISSED**.

### III.    CONCLUSION

For these reasons, the WVDCR's Motion to Dismiss is **GRANTED**, (ECF No. 8), and Count One of the Second Amended Complaint is **DISMISSED**. The Court also **DISMISSES** the WVDCR from this matter.

6

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 3, 2022

_____

THOMAS E. JOHNSTON, CHIEF JUDGE